UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELANO LAMARR CLEMENT,

    Plaintiff,

v.

MACOMB CORRECTIONAL
FACILITY, et. al.,

    Defendants,
_____/

Civil Action No. 2:22-CV-10853
HONORABLE DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER PARTIALLY DISMISSING
THE CIVIL RIGHTS COMPLAINT AND DIRECTING THAT THE
REMAINDER OF THE COMPLAINT BE REFERRED TO THE
PRISONER MEDIATION PROGRAM**

## I. Introduction

Before the Court is Plaintiff Delano Lamarr Clement's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. The Court has reviewed the complaint and now **DISMISSES IT IN PART.**

## II. Standard of Review

Plaintiff was allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

1

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the

2

offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  Complaint

Plaintiff was incarcerated at the Macomb Correctional Facility in New Haven, Michigan when the alleged events occurred. Plaintiff's complaint is rambling, repetitive, and difficult at times to understand. However, in reviewing the allegations in their entirety, it appears that Plaintiff is alleging that defendant Palmer, a sergeant at the Macomb Correctional Facility, allowed one or more prisoners to sexually assault Plaintiff in his prison cell and did nothing to protect him from the assault. Plaintiff alleges he has been sexually assaulted on several other occasions by various inmates. Plaintiff claims that defendant Herbert, an inspector at the prison, and Defendant Donahue, a prison nurse, have failed to provide medical treatment for the sexual assaults nor have they done anything to protect Plaintiff from being sexually assaulted. Plaintiff actually alleges that Defendant Donahue, on at least one occasion, gave Plaintiff a shot to render him unconscious during the assault. Plaintiff claims he received injuries to his penis and rectum.

Plaintiff also claims that defendant Herbert has failed to respond to any of his grievances.

3

## IV.  Discussion

**A. The Macomb Correctional Facility is dismissed from the case.**

A state prison or correctional facility is not a "person" for purposes of the Civil Rights Act.  See *Anderson v. Morgan Cty. Corr. Complex*, No. 15–6344, 2016 WL 9402910, at * 1 (6th Cir. Sept. 21, 2016)("A state prison is not a 'person' subject to suit under § 1983."); *Hix v. Tennessee Dept. of Corrections*, 196 F. App'x. 350, 355–356 (6th Cir.2006)(and cases cited therein)(holding that neither the state department of corrections, as an "administrative department of the state," nor the state prison's medical department, which "may be seen as nothing more than an arm" of the department of corrections, is a "person" within the meaning of § 1983); *McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at * 2 (E.D. Mich. Apr. 21, 2014)(finding that a state prison facility is an institution operated by a state corrections department and "is not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983").  Accordingly, the case must be dismissed against the Macomb Correctional Facility.

**B. The suit must be dismissed against Defendant Steece, the Deputy Warden.**

The complaint must be dismissed against Defendant Steece, the deputy warden of the Macomb Correctional Facility.

A supervisory official like Steece cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiffs can

demonstrate that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson,* 315 F. 3d 548, 558 (6th Cir. 2002)(quoting *Bellamy v. Bradley,* 729 F. 2d 416, 421 (6th Cir. 1984)). A plaintiff must show, at a minimum, that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Combs,* 315 F. 3d at 558 (citing to *Bass v. Robinson,* 167 F. 3d 1041, 1048 (6th Cir. 1999)).

The failure of Deputy Warden Steece to take any remedial or disciplinary action against prison personnel for failing to protect Plaintiff from being sexually assaulted or actively participating in the assault or their failure to provide medical care did not ratify prison personnel's alleged violations of Plaintiff's constitutional rights, so as to permit Defendant Steece to be held liable under the civil rights statute. *See Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990). Defendant Steece is dismissed from the complaint.

**C. The wrongful grievance claim is dismissed.**

Plaintiff is not entitled to relief on his claim that Defendant Herbert wrongly denied his administrative grievances. The Sixth Circuit has repeatedly held that the wrongful denial of a prison grievance by a prison official does not violate any federal

5

constitutional right, in the absence of any allegation that the official was involved in the underlying activity that was challenged in the grievance. *See Grinter v. Knight,* 532 F. 3d 567, 576 (6th Cir. 2008); *Shehee v. Luttrell,* 199 F. 3d 295, 300 (6th Cir. 1999); *See also Walker v. Michigan Dept. of Corrections,* 128 F. App'x. 441, 445 (6th Cir. 2005)(state prisoner did not have constitutionally protected due process right to unfettered access to prison grievance procedures, and, consequently, prisoner was not entitled to relief on his claim under § 1983 that he was arbitrarily denied access to prison's grievance procedures due to modified access procedure); *Lee v. Michigan Parole Bd.*, 104 F. App'x. 490, 493 (6th Cir. 2004)(absent allegation that chairman of the Michigan Parole Board, director of the Michigan Department of Corrections, or director of the Michigan Bureau of Forensic Mental Health Services were personally involved in or responsible for the alleged violation of state prisoner's constitutional rights, prisoner could not maintain action under § 1983 simply because official denied an administrative grievance or failed to act based upon information contained in a grievance); *Keenan v. Marker,* 23 F. App'x. 405, 407 (6th Cir. 2001)(the wrongful denial of a prison grievance does not violate any federal right, "as there is no inherent constitutional right to an effective prison grievance procedure."); *Bittner v. Wilkinson,* 19 F. App'x. 310, 313 (6th Cir. 2001)(state inmate did not state viable § 1983 claim when he alleged that prison officials denied or disregarded his grievances over alleged incidents in which inmate

6

was assaulted or subjected to retaliation by prison officers). In addition, Michigan law does not create a liberty interest in a prison grievance procedure. *Keenan,* 23 F. App'x. at 407(citing *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)); *See also Proctor v. Applegate,* 661 F. Supp. 2d 743, 767 (E.D. Mich. 2009)(internal citations omitted). This claim is dismissed from the complaint.

**D. The claim against Defendant Hairston is dismissed.**

Plaintiff has named Defendant Hairston as a defendant, but he does not allege any personal involvement on the part of this defendant regarding any of he alleged violations.

A plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978)(Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)(same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995)(plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

In the context of a civil rights claim, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983; some factual basis for such claims must be set forth in the pleadings. *Lillard v. Shelby*

7

*County Board of Education*, 76 F. 3d 716, 726 (6th Cir. 1996); *See also Johnson v. Freeburn*, 29 F. Supp. 2d 764, 767 (E.D. Mich. 1998).  A complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights.  *See Hall v. United States*, 704 F. 2d 246, 251 (6th Cir. 1983).  Although Plaintiff has listed Mr. Hairston in the caption of his complaint, he did not identify him or explain his role in the alleged violations in the body of his complaint.  Mr. Hairston will therefore be dismissed from the complaint.

    **E.  The case will continue against the remaining defendants.**

## V.  ORDER

  **IT IS ORDERED THAT:**

  The civil rights complaint is **DISMISSED IN PART WITH PREJUDICE WITH RESPECT TO DEFENDANTS MACOMB CORRECTIONAL FACILITY, DEPUTY WARDEN STEECE AND ARUS HAIRSTON AND THE COUNT ALLEGING THE WRONGFUL DENIAL OF A GRIEVANCE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.  THE REMAINDER OF THE CASE SHALL BE REFERRED TO THE PRISONER MEDIATION PROGRAM.**

                                      <u>s/Denise Page Hood</u>
                                      **HON. DENISE PAGE HOOD**
                                      **UNITED STATES DISTRICT JUDGE**

**Dated:  June 24, 2022**